92 So.2d 571

**LOUISIANA STATE BAR ASSOCIATION**

v.

**Mark William SACKETT.**

No. 43018.

Jan. 21, 1957.

James G. Schillin, Chairman, Harry B. Kelleher, Vice-Chairman, New Orleans, L. V. Cooley, Jr., Slidell, W. G. Arnette, Jennings, Whitfield Jack, Shreveport, Committee on Professional Ethics and Grievances.

Richard A. Dowling, Maurice R. Woulfe, George M. Brooks, New Orleans, for respondent.

FOURNET, Chief Justice.

The Committee on Professional Ethics and Grievances of the Louisiana State Bar Association has requested a ruling on the question of whether evidence taken before that Committee on the occasion of its investigation of complaints of misconduct against Mark William Sackett, resulting in the pending suit for his disbarment, is admissible in the hearing before the Commissioner appointed by this Court to take evidence in the case.

Various complaints concerning the professional practices of the defendant having been brought to the attention of the Louisiana State Bar Association, an investigation was undertaken by the Committee on Professional Ethics and Grievances. Formal specifications were prepared; Sackett was given due notice, as required by Section 3 of the Rules governing discipline and disbarment of members,[1] and at the hearing which followed the further requirements of Section 3 were met, i. e., Sackett was given an opportunity to defend himself before the Committee by introducing evidence and by cross-examining the witnesses against him; he was represented by counsel, had the right to compel the attendance of witnesses and the production of any books, records, documents or other evidence relative to the matter at hand.

Following the investigation, a majority of the Committee being of the opinion that Sackett was probably guilty of "a willful violation of any rule of professional ethics of sufficient gravity as to evidence a lack of moral fitness for the practice of law," Section 4 of the Rules, the Committee instituted in this Court a suit for disbarment and in support thereof filed the entire note of evidence taken during the investigation.

It is the position of the Committee that all evidence, both oral and documentary, offered by the Committee and by Sackett during the investigation is admissible before the Commissioner, provided that all objections made and reservations taken by either side are preserved before the Commissioner. The defendant Sackett not only urges that the said evidence is inadmissible under accepted rules of evidence, but attacks the Committee itself as being illegally constituted, contending that the Rule, Section 1 of the Rules, under which the Committee on Professional Ethics and Grievances was appointed provides for an unconstitutional delegation by this Court to the Board of Governors of the Louisiana State Bar Association of powers of selection in the composition of the said Committee.

The attack leveled at the Committee may be summarily disposed of as it is

1. These Rules are comprised in Article XIII of the Articles of Incorporation of the Louisiana State Bar Association and appear in the LSA–Revised Statutes of 1950, Title 37, Chapter 4, beginning at p. 377 of Volume 21, following 37:218.

totally without merit. This Court, pursuant to the powers vested in it by Article VII, Section 10 of the Louisiana Constitution, LSA [2] on March 12, 1941, adopted as Rule XVII of the Rules of this Court the Article (No. XIII) of the Articles of Incorporation of the Louisiana State Bar Association covering "Discipline and Disbarment of Members." Under the provisions of Section 1 thereof,[3] this Court appoints the Committee on Professional Ethics and Grievances; the Board of Governors has the duty to recommend only.

▇ We know of no decision of the courts of this State, nor has any been cited to us, covering the other point raised, that is, the admissibility of the evidence adduced at the investigation. We find that the courts of other states have held such evidence to be admissible and, in view of the fact that, pursuant to our Rules, the member against whom the complaints were filed was represented by counsel at the hearing,

witnesses were subject to his cross examination, he could call his own witnesses, and had the right to object to any evidence offered, we think the evidence is admissible. See Armitage v. Bar Rules Committee, 223 Ark. 465, 266 S.W.2d 818; In re Gorsuch, 147 Kan. 459, 78 P.2d 12. The transcript is now filed in the Clerk's office and is part of his archives. Cf. In re Lieberman's Disbarment, 163 Ohio St. 35, 125 N.E.2d 328. Of course this will not deprive the defendant of his right to produce such testimony and evidence as he may have, to further cross examine any witnesses who may have testified against him, and by compulsory process to produce any witnesses of his own who have not appeared in the case.

The observations found in the case of Armitage v. Bar Rules Committee, supra, in the able opinion of the late Chief Justice of the Supreme Court of our sister state of

2. "The Supreme Court * * * shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court, * * *."

3. "The Committee on Professional Ethics and Grievances shall consist of five active members of this Association, appointed by the Supreme Court on the recommendation of the Board of Governors. The term of office of the first Committee to be appointed pursuant hereto shall begin on June 1st, 1945. It shall consist of one member to be appointed for a term of one year, one member to be appointed for a term of two years, one member to be appointed for a term of three years, one member to be appointed for a term of four years and one member to be appointed for a term of five years. Thereafter the members appointed to the Committee shall be appointed for a term of five years each. All members of the Committee shall continue to serve after the expiration of their respective terms of office, until their respective successors have been duly appointed and qualified. The Committee shall elect its own Chairman, Vice-Chairman and Secretary. The members of the Committee may be appointed for not more than two successive terms. * * *."

Arkansas, Chief Justice Griffin Smith, show that the Committee's function is not only to safeguard the courts and the public from improper professional practices, but also to protect members of the Bar from unwarranted or malicious attack: " * * * The Committee's creation and existence is this Court's determination that an impartial tribunal should consider complaints of professional misconduct, sift substantial accusations from charges based upon personal pique, disappointment, or prejudice, and then, in respect of serious implication, permit the attorney to explain the transaction and, when he so desires, bring witnesses before the Committee to substantiate his position. By this process minor professional deviations are disposed of justly without public embarrassment." [223 Ark. 465, 266 S.W.2d 820.] It is then pointed out however that where the investigation involves a consideration of unethical deportment extending over a long period of time, in view of the fact that the Committee is animated by a desire to establish probable facts and to consider explanations offered and the measure of justification they afford, "the legal status of this record is much like proceedings before administrative agencies where factual issues are sifted by a body composed of experienced men selected because of professional fitness. * * * To say that essentials constituting these preliminary hearings are hearsay would in some instances defeat the broad purposes of Amendment 28 [of the State Constitution] and our implementing rules."

The cases relied on in oral argument by counsel for the defendant as supporting his contention that the evidence is not admissible, i. e., Dehmer v. Campbell, 124 Ohio St. 634, 180 N.E. 267, and Union Trust Co. v. Lessovitz, 122 Ohio St. 406, 171 N.E. 849, are concerned with factual situations and legal principles completely foreign to the subject under discussion and clearly have no application here.

We therefore conclude that the note of evidence taken before the Committee on Professional Ethics and Grievances of the Louisiana State Bar Association on the occasion of its investigation of complaints of misconduct against Mark William Sackett, duly filed before this Court with the Petition for Disbarment on May 31, 1956, is admissible on the trial on the merits of the disbarment proceeding now pending.