FOURNET, Chief Justice.
 

 The Supreme Court Committee on Professional Ethics and Grievances is proceeding against Albion T. Ricard, Jr., an attorney of the Orleans Bar, seeking his disbarment on charges of professional and ethical misconduct.
 

 The action, predicated on seven separate specifications of unethical and improper conduct, six of which were duly served on respondent in the original notice of hearing before the Committee, and the seventh having come as a result of evidence adduced at the Committee hearing, was filed on October 8, 1957, and on the next day an Order was issued by this Court granting respondent fifteen days from service thereof 'within which to plead or answer. ■ In due time respondent filed his answer, admitting the petition’s allegations that he was given the- notice (required under the Rules). that charges had been made against him and admitting also that he was given-an opportunity to defend himself, but denying that the investigation conducted by the Committee was in accordance with the Rules of this Court or that the action to institute disbarment proceedings against him was taken under the unanimous recommendation of the Committee. Respondent denied that he was' guilty of professional misconduct or of such violation of the rules of professional ethics as to evidence on his part a lack of moral fitness for the practice of law.
 

 Three specifications deal with respondent’s acceptance of employment and money in divorce matters, and charge that he failed to comply with his professional engagement or to refund the money, despite numerous demands. These are (Specification 2) that in October, 1954, he received a deposit under employment by Malvina Peterson, with subsequent payments totaling $110; (Specification 4) that in March, 1957, he was engaged by Ernest Williams and within a short time received amounts totaling $38; and (Specification 6) that Charles Evans employed him in September, 1955, and within a few months advanced the sum of $80. He was also charged (Specification 1) with failure to account to his client John A. Jones for $2,800; received in December, 1955, as the result of expropria
 
 *533
 
 tion of Jones’ property, in which proceedings he had represented Jones. In another matter (Specification 3) he was charged with having received the sum of $503.40 in September, 1954, from Jimmie Harris and Reverend Arthur Paul Clay for redemption of certain lots of ground previously sold under tax sale, but with having failed to effect such redemption or return the money. A further charge (Specification S) was that respondent had purchased merchandise in December, 1955, and issued a check in payment for $68.33, which check proved to be worthless; and the last (Specification
 
 7)
 
 Was that during December, 1955, respondent distributed packages of cigarettes with a card showing his name, profession, business address, and the message ; “A small token of appreciation .for your business. Thank you.”
 

 After issue was joined this Court, on November 8, 1957, appointed Saul Stone, an attorney who has been engaged in active practice for more than ten years, as the Commissioner to receive the evidence in this case and to report his findings of fact and conclusions of law. Respondent then filed, on December 17, 1957, a motion to dismiss, based on contentions that the proceedings before the Committee on Professional Ethics and Grievances did not grant him a fair and just hearing under the Constitution and laws of this State and of the United States, especially the due process and equal protection clauses of the Fourteenth ■ Amendment, in that the member who acted as “examiner or prosecutor” at the same time acted as “judicial officer” to determine questions of law and sufficiency of facts; that the hearing was not before the full committee but before only two of its members; and therefore the transcript of the Committee hearing was objected to as inadmissible and the suggestion was made that respondent should be given a full hearing before this Court or, in the alternative, before the full Grievance Committee of the Louisiana State Bar.
 

 The Commissioner, after overruling the said motion, proceeded to conduct the hearing on the merits, which hearing was begun on February 20, 1958, and extended for many days’ sessions spread out over a period of more than five months; and on the 6th of November, 1958, he filed with this Court his Report, setting out a full and complete statement of the proceedings and of his conclusions and answers to all the pleas and complaints of respondent, as well as his findings of fact and conclusions with respect to each complaint as specified in the petition for disbarment. He forrad that the hearing before the Committee was held in strict compliance with the Rules of this Court and therefore, under this Court’s decision, the evidence taken before the Committee was admissible since in such a hearing, under the applicable Rules, the member against whom the complaints were filed was represented by coun
 
 *535
 
 sel, witnesses were subject to his cross examination, he could call his own witnesses, and had the right to object to any evidence offered; the Commissioner found, from an examination of the testimony taken before the Committee, that these rights had been freely granted respondent. On the merits, he considered the specifications one at a time, gave his findings of fact and conclusions with respect to each, and thought respondent guilty of Specifications 1, 2, 3, 5 and 6 — but not guilty of Specification 4 because, while no action was taken until after respondent received notice of the Committee hearing at which this particular charge would be heard, and while the delay was not in keeping with proper conduct, nevertheless since the suit was actually filed he gave respondent the benefit of the doubt; and as to Specification 7, while respondent was guilty of violating Canon 27, it appeared that he did not appreciate the impact of that form of advertising.
 

 Before this Court the respondent, in a very short and skimpy brief, took exception to the Report of the Commissioner, contending that the Commissioner erred “in holding that he had been accorded a fair and just hearing” (errors one and three), “in finding the respondent was not entitled to a hearing before the full Grievance Committee” (error numbered two), and “in finding respondent guilty of charges set forth in specifications 1, 2, 3, 5 and 6 in absence of testimony being offered by the Committee” (error numbered four); and closed, under the heading “Argument,” with the following statements: “A cursory examination of the Transcript of Testimony of Committee reveals that at the investigative level the respondent was not accorded a fair and just hearing [citing certain pages of the Committee transcript]. Considering the entire record, the testimony of witnesses, the testimony of the respondent and all the surrounding circumstances it is the contention of the respondent that the Committee has not sustained the charges in such a clear and conclusive manner as to warrant disbarment. See In re Craven, [204 La. 486,] 15 So.2d 861. If the Court be of the opinion that respondent had a fair hearing, respondent [submits] that the circumstances are such that suspension would be a sufficient remedy in this case. See In re Novo, [200 La. 833,] 9 So.2d 201.”
 

 The Commissioner properly overruled respondent’s motion to dismiss these proceedings. A perusal of the record clearly shows that in the Committee investigation of the charges, respondent was not only given a hearing which was fair and just but one which was conducted with the utmost patience and consideration toward him, and in strict conformity with the Rules adopted by this Court to govern in such cases. While, under the express pro
 
 *537
 
 visions of Article 13, Section 2 of the Articles of Incorporation of the Louisiana State Bar Association, the responsibility of investigating all complaints looking to the suspension or disbarment of an attorney in this State is placed upon the Committee of Professional Ethics and Grievances, “the committee may designate one or more of its members to take testimony and examine witnesses on behalf of the committee.” The duty of the Committee is to investigate, and to then determine, by majority opinion of the members, whether the person against whom the complaint has been made has probably conducted himself in such manner as to warrant institution of suit for disbarment. Article 13, Section 4. Consequently, respondent’s claim that his constitutional rights were violated because of the hearing not being conducted by the full Committee is without substance. He has not at any stage of the proceedings pointed out wherein he was deprived of any rights nor in what manner his rights were prejudiced before the Committee; and a reading of that transcript makes it abundantly clear that no ruling adverse to respondent’s constitutional or legal rights was made by the Acting Chairman of the Committee, nor was respondent prevented at any time from adducing whatever evidence he might choose.
 

 Following the investigation, the members of the Committee were unanimously of the opinion that respondent “has been guilty of violations of the laws of the State of Louisiana of sufficient gravity to warrant his disbarment, and that he has been guilty of such wilful violation of the rules of professional ethics as to evidence
 
 on
 
 his part a lack of moral fitness for the practice of law,” and accordingly filed a petition for disbarment.
 

 The Commissioner’s admission in evidence of the transcript of proceedings before the Committee, over respondent’s objection, was clearly in accordance with the jurisprudence of this State as announced in the case of Louisiana State Bar Association v. Sackett, 231 La. 655, 92 So.2d 571. In that case we concluded that the note of evidence taken before the Committee on the occasion of the investigation of complaint of misconduct against Sackett, duly filed before this Court with the petition for disbarment, was admissible on trial of the merits of Sackett’s disbarment proceedings, because the record showed (just as it shows in this case) that, pursuant to our Rules, the respondent was represented by counsel before the Committee at the hearing, all witnesses were subject to his' cross examination, he was granted the privilege of calling his own witnesses, and the right to object to any evidence offered. In that case we observed: “Of course this ■will not deprive the defendant of his right to produce such testimony and evidence as
 
 *539
 

 he may have, to
 
 further cross examine any witnesses who may have testified against him, and by compulsory process to produce any witnesses of his own who have not appeared in the case.” 231 La. at page 660, 92 So.2d at page 573.
 

 The Commissioner, being cognizant of the above statement, advised respondent of his right to there produce any further evidence he might have, and the opportunity was given him to further cross examine any or all of the witnesses who had. testified against him before the Committee— those persons having been held in attendance by the Bar Association for a whole day; he was again reminded of his right, by compulsory process, to procure the attendance of any other witnesses who had not appeared in the case — but respondent did not avail himself of any of these benefits; he did, however, take the stand and testify in his own behalf.
 

 , Inasmuch as the basis of respondent’s specification of error concerning the Commissioner’s finding him guilty seems to stem from the fact that there was no independent hearing of these separate witnesses before the Commissioner, his position is clearly without merit. The testimony of these witnesses is preserved in the transcript, which was admissible before the Commissioner as pointed out hereinabove. After the Commissioner undertook his" assigned task; the hearing went along for several months, it was full and complete, and the record of testimony before him comprises almost six hundred pages. That record clearly and unmistakably established that the Commissioner’s conclusions as to respondent’s guilt on Specifications numbered 1, 2, 3, 5 and 6 were based on most strong and convincing proof.
 

 In answer to respondent’s argument, for which he relies on the case of In re Novo, reported in 200 La. 833, 9 So.2d 201, that suspension would be sufficient in this case, we are in agreement with the Commissioner’s observation that "Respondent has shown a pattern of conduct which leads to the conclusion that he has no regard for the reputation of lawyers or for the public represented by them, and no regard for his clients’ money or their rights. He took money from clients for costs and for services, and neither expended the costs on their behalf nor rendered the services. He disregarded repeated demands on him to' perform the services he undertook without regard as to the effect on the client. He even disregarded the Bar Association’s threat to call him to account for his actions. Such behavior is unfitting for one who holds himself out as a lawyer practicing his profession.”
 

 It is our studied conviction that the respondent has been guilty of such misconduct as to warrant his disbarment, and
 

 
 *541
 
 It Is Therefore Ordered, Adjudged and Decreed that the name of Albion T. Ricard, Jr., respondent herein, be stricken from the roll of attorneys and his license to practice law in Louisiana be, and the same is, hereby cancelled.
 

 HAWTHORNE, J., absent on account of illness, takes no part.