270 So.2d 848 (1972)
264 La. 151
LOUISIANA STATE BAR ASSOCIATION
v.
Roland R. SELENBERG.
No. 51246.
Supreme Court of Louisiana.
December 11, 1972.
Rehearings Denied January 15, 1973.
Louisiana State Bar Association Committee on Professional Responsibility: James H. Drury, New Orleans, Chairman, Pat W. Browne, Sr., New Orleans, Leonard Fuhrer, Alexandria, A. Leon Hebert, Baton Rouge, Edgar H. Lancaster, Jr., Tallulah, Henry A. Politz, Shreveport, John F. Pugh, Thibodaux, A. Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, of counsel, for petitioner.
A. J. Graffagnino, W. W. Thimmesch, Jacob L. Karno, Metairie, for respondent.
SANDERS, Justice.
The Louisiana State Bar Association instituted this disbarment proceeding against Roland R. Selenberg, an attorney practicing in Jefferson Parish. The petition sets forth three specifications of misconduct: failure to account to his clients for $21,500.00 collected in connection with a succession proceeding, commingling of these monies with his own funds, and attempting to conceal the misuse of the funds by falsely reporting that he had lost the funds in a robbery.
The Commissioner appointed by this Court to receive the evidence summarized his findings as follows:
"The Commissioner finds that the respondent has failed to account promptly to his client for funds in his possession and over which he had complete control; that the respondent has commingled the *849 said funds with his own personal funds and for his own personal use. The Commissioner feels that there is no mitigation shown by the statement that an alleged robbery prevented him from accounting to his clients. Rather, the Commissioner is of the opinion that the circumstances surrounding the alleged robbery indicate that a robbery never took place in fact. But, even if a robbery did take place the respondent was grossly careless and negligent in keeping a large sum of money of a client in an unsafe place for almost three years."
The respondent has filed a general exception to the Commissioner's findings of fact and conclusions of law.
After reviewing the record, we find that the main allegations against respondent are well founded. The respondent failed to account to his clients for the funds that he held for them, but commingled the funds in his personal bank account. Immediately prior to the formal hearing before the Committee on Professional Ethics and Grievances, he confessed judgment in favor of his clients in the sum of $19,311.46. Later, after the institution of this disbarment proceeding, he agreed to liquidate the judgment in installments.
Although contesting the factual findings, respondent also asserts that he was denied due process in violation of the state and federal constitutions. He contends that he was unrepresented by legal counsel at the hearing before the Committee on Professional Ethics and Grievances. His contentions, however, lack merit.
Respondent was notified of his right to counsel prior to the Committee hearing, but failed to secure the services of an attorney. Respondent conducted his own defense before the Committee. After considerable delay, he retained counsel for the Commissioner's hearing.
It is well established that the proceedings before the Committee on Professional Ethics and Grievances are admissible in evidence before the Commissioner. Louisiana State Bar Association v. Jacques, 260 La. 803, 257 So.2d 413 (1972), Louisiana State Bar Association v. Ricard, 237 La. 530, 111 So.2d 761 (1959); Louisiana State Bar Association v. Sackett, 231 La. 655, 92 So.2d 571 (1957).
The misuse of a client's funds by an attorney represents the gravest form of professional misconduct. It strikes at the heart of public confidence in the legal profession.
In Louisiana State Bar Association v. Van Buskirk, 249 La. 781, 191 So.2d 497 (1966), we said:
"Because of their professional status, attorneys must adhere to a high standard of conduct in relations with their clients. The conversion of a client's funds is one of the most serious violations of an attorney's obligations."
Although we have noted the several attestations of respondent's prior fidelity, we have concluded that the protection of the courts and the public require disbarment. See Louisiana State Bar Association v. Jacques, 260 La. 803, 257 So.2d 413 (1972); Louisiana State Bar Association v. Blum, 256 La. 530, 237 So.2d 366 (1970); Louisiana State Bar Association v. Haylon, 250 La. 651, 198 So.2d 391 (1967); Louisiana State Bar Association v. Van Buskirk, 249 La. 781, 191 So.2d 497 (1966).
For the reasons assigned, it is ordered, adjudged, and decreed that the name of Roland R. Selenberg be stricken from the Roll of Attorneys and that his license to practice law in the State of Louisiana is hereby canceled. All costs of this proceeding are assessed against respondent.