291 So.2d 385 (1974)
LOUISIANA STATE BAR ASSOCIATION
v.
John Sidney BROWN.
No. 52272.
Supreme Court of Louisiana.
February 18, 1974.
Rehearing Denied March 22, 1974.
Milton P. Masinter, New Orleans, Edgar N. Quillin, Arabi, for defendant-respondent.
John F. Pugh, Chairman, Thibodaux, Curtis R. Boisfontaine, James H. Drury, New Orleans, Leonard Fuhrer, Alexandria, A. Leon Hebert, Baton Rouge, Edgar H. Lancaster, Jr., Tallulah, Henry A. Politz, Shreveport, A. Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, for La. State Bar Association.
SANDERS, Chief Justice.
The Louisiana State Bar Association instituted this disbarment proceeding against John Sidney Brown, an attorney, with the following specification of misconduct:
"That in October, 1969, you accepted employment as attorney for Allan John Johnston III to represent him in his claim for workmen's compensation benefits. Shortly thereafter you advised said client you had filed suit on his behalf. On December 9, 1970, you did, with intent to defraud your client, appear in the 24th Judicial District Court, Parish of Jefferson, and had approved by said court a workmen's compensation settlement in the sum of $1,500.00. To effect this settlement, you knowingly produced before the court another party posing as Allan John Johnston III. You thereafter received the moneys paid pursuant to said judgment, commingled them with your own, and converted them to your own use. Thereafter, and specifically by *386 your letters to said client of February 18, 1971, and March 4, 1971, you attempted to mislead said client as to what settlement was being offered when, in fact, you had already settled for more and under the fraudulent facts above stated. That on August 9, 1971, a complaint was received by this Committee on behalf of Allan John Johnston III who, as of that date, had received no moneys from you on his claim."
An investigative hearing was held by the Committee on Professional Responsibility. Concluding that the respondent attorney had been guilty of professional misconduct, the committee filed a disbarment petition in this Court.
Under the provisions of Article XV, Section 6 of the Articles of Incorporation of the Louisiana State Bar Association, a Commissioner was appointed to take evidence and to report to this Court his findings of fact and conclusions of law.
The Commissioner's hearing was held on December 6, 1972. On July 19, 1973, the Commissioner filed a report in which he found that the respondent attorney was guilty of professional misconduct of sufficient gravity to require disciplinary action.
The Commissioner found that Allan Johnston retained Mr. Brown on June 23, 1969, to represent him in a workmen's compensation proceeding. On October 23, 1969, the attorney filed suit on Johnston's behalf. The suit was entitled Allan John Johnston, III, v. Bobben Fabricators, Inc., and Continental Insurance Co. and bears the number 122-627 on the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson.
The Commissioner further found that on December 9, 1970, the attorney knowingly presented an imposter posing as Johnston to the District Court and to counsel for the defendants, fraudulently securing a court-approved settlement of Johnston's claim in the amount of $1500.00. Brown and the impostor then cashed the insurance draft received in the settlement and divided the proceeds.
The Commissioner made no specific finding as to that portion of the specification charging the commingling of a client's funds with his own. The only testimony as to the disposition of the settlement money is that of the respondent attorney, who testified that he received the usual attorney fee, plus an amount to pay the bill for a medical evaluation. We find no further evidence in the record to support the charge of commingling. Hence, that charge is rejected.
Remaining, however, is the finding of the Commissioner that respondent attorney knowingly foisted an impostor upon the court and opposing counsel for a court-approved settlement of a workmen's compensation suit, thereby committing a fraud upon the court and his client.
The respondent attorney concedes that a person other than his client appeared with him before the court and received the settlement. He denies knowledge of the fraud, asserting that he had seen his client no more than twice and that he, himself, was deceived. He intimates that he has been framed either by his client or a former associate in law practice.
The pivotal factual issue, then, is whether the attorney had knowledge of the deception and fraud, as found by the Commissioner.
In disbarment proceedings, the burden rests upon the State Bar Association to establish the professional misconduct by clear and convincing evidence.
As this Court held in In re Novo, 200 La. 833, 9 So.2d 201 (1942):
". . . In disbarment proceedings, on the contrary, the evidence not only as to the act which forms the basis of the attorney's unprofessional conduct but also as to the motive with which the act was done, must be clear and convincing. [Citations omitted] . . . The reason *387 for this rule is that the proceeding is not so much for the purpose of seeking the punishment of the man as it is for the preservation of the integrity of the courts and for the salutary effect it has upon the other members of the bar who practice before it. As expressed in the case of Ex parte Wall, 107 U.S. 265, 2 S.Ct. 569, 588, 27 L.Ed. 552, `The proceeding is not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them. Undoubtedly, the power is one that ought always to be exercised with great caution; and ought never to be exercised except in clear cases of misconduct, which affect the standing and character of the party as an attorney.'". . .
In February and March of 1971, several months after the attorney had concluded the settlement, he admittedly transmitted two letters to his client. The first letter, dated February 18, 1971, states in part:
". . . I have received an offer on your case, which when all expenses are paid, will enable you to clear $750.00. This can be accomplished by me without your presence by a limited power of attorney which I will present to the Court. . ."
The second letter, dated March 4, 1971, has the same theme:
". . . To explain the figure which I gave to you, which I am sorry that I did not include in my previous letter to you, a total settlement of $1,000.00 has been offered. My fee will be 20% of this figure and the bill from the doctor is $50.00, which, taken from the whole, leaves $750.00.
". . . We have been told by the court at a pre-trial that if this case goes to court we will be looking at no more than $500.00 (or even worse) nuisance value, (maybe $350.00)." . . .
These letters, written by the attorney after the court appearance and settlement, are inconsistent with any reasonable hypothesis other than knowing participation in the fraud. The respondent's only explanation of these letters is that he was trying to inveigle Johnston, whom he suspected of sending an impostor for the settlement, to come to his office. This explanation lacks substance, particularly in view of that part of the February letter suggesting that a settlement ". . . can be accomplished by me without your presence. . . ."
Considering the entire record, we adopt the Commissioner's finding that the respondent attorney knowingly participated in this fraud upon the court and his client.[1]
The respondent has also raised two issues of law. As to the first, the Commissioner received in evidence the entire transcript of the testimony and documentary evidence introduced before the Committee on Professional Responsibility at its original hearing. The attorney objects to the admissibility of this transcript. The objection is without merit. As we held in Louisiana State Bar Association v. Jacques, 260 La. 803, 257 So.2d 413 (1972):
"Respondent complains that the Commissioner erred in admitting into evidence the transcript of the hearings held by the committee on July 13, 1970 and July 17, 1970.
"The transcript was made a part of the petition by the committee when it filed *388 the petition in this court. It is a well settled rule of this court that the transcript of the evidence taken at the hearings before the Committee on Professional Ethics and Grievances is admissible. Louisiana State Bar Association v. Sackett, 231 La. 655, 92 So.2d 571; Louisiana State Bar Association v. Ricard, 237 La. 530, 111 So.2d 761. Pursuant to our rules, the respondent in the case before us was advised of his right to counsel, that all witnesses were subject to cross-examination, that he had the right to call witnesses in his own defense, and that he had the right to object to the introduction of any evidence offered. And at the hearing held by the Commissioner, the respondent again was offered the opportunity to introduce any evidence that he might not have introduced at the hearing before the committee, and produce any witnesses in his own behalf. There is no denial of due process."
As to the second legal issue, the respondent challenges the constitutionality of this non-jury proceeding, which he characterizes as quasi-criminal. In Louisiana State Bar Association v. Donald B. Ruiz, 261 La. 409, 259 So.2d 895 (1972), this Court observed:
"Disbarment proceedings are not criminal in nature. As this court has said on numerous occasions, a disbarment proceeding is not so much for the punishment of the attorney as it is for the preservation of the integrity of the courts and the salutary effect it has upon other members of the bar. Louisiana State Bar Association v. Jacques, supra; Louisiana State Bar Association v. Blum, 256 La. 530, 237 So.2d 366; In re Novo, 200 La. 833, 9 So.2d 201."
Having concluded that the basic allegation of misconduct is well-founded in fact and law, the remaining determination is the nature of the disciplinary action to be taken. We are mindful that disbarment should be ordered only to protect the courts and the public. We are also aware that payment of the amount received in the settlement has been made to the client, without prejudice, during the pendency of the ethical complaint. Nonetheless, the episode upon which proceeding is based constituted a fraud upon both the court and the client. It demonstrates a callous disregard of the ethical standards of the legal profession. In our opinion, only disbarment will satisfy the disciplinary demands of this proceeding.
For the reasons assigned, it is ordered, adjudged and decreed that the name of John Sidney Brown be stricken from the Roll of Attorneys and that his license to practice law in the State of Louisiana is hereby canceled. All costs of this proceeding are assessed against respondent.
NOTES
[1] The Commissioner also found that the respondent attorney has participated in a corrupt scheme to get the complainant, Johnston, to repudiate his testimony before the Committee on Professional Responsibility. We regard this as a collateral issue, since the petition has not been amended to include this as a specification of misconduct. Although the testimony on this issue is strongly incriminating, it does not rise to the standard of being clear and convincing.