292 So.2d 492 (1974)
LOUISIANA STATE BAR ASSOCIATION
v.
Lee K. LEVY.
No. 52881.
Supreme Court of Louisiana.
March 25, 1974.
Rehearing Denied April 26, 1974.
John F. Pugh, Chairman, Thibodaux, Curtis R. Boisfontaine, James H. Drury, New Orleans, Leonard Fuhrer, Alexandria, A. Leon Hebert, Baton Rouge, Edgar H. Lancaster, Jr., Tallulah, Henry A. Politz, Shreveport, A. Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, for Louisiana State Bar Assn.
Milton P. Masinter, New Orleans, for defendant-respondent.
*493 SANDERS, Chief Justice.
The Louisiana State Bar Association, appearing through the Committee on Professional Responsibility, brought this proceeding against Lee K. Levy, a practicing attorney, seeking his disbarment for professional misconduct.
On July 26, 1972, the Committee on Professional Responsibility addressed a certified letter to Mr. Levy, notifying him of a formal investigatory hearing to be held on September 20, 1972. The letter, received on July 27, 1972, set forth four specifications of professional misconduct. See Articles of Incorporation of Louisiana State Bar Association Art. XV, §§ 3-6 (1971).
The attorney failed to respond to the letter. A second notice was sent, followed by numerous unsuccessful attempts to serve him with a subpoena.
On September 20, 1972, the hearing was held. The respondent attorney did not appear. The Committee on Professional Responsibility concluded from the evidence that the respondent had been guilty of such misconduct as to indicate a "lack of fitness for the practice of the law."
Proceedings for disbarment were instituted in this Court on October 12, 1972. On November 15, 1972, the court appointed a Commissioner to take evidence and report his findings of fact and conclusions of law.
The Commissioner's hearing was conducted on March 12 and 28, 1973. Mr. Levy was present at the hearings, represented by counsel.
The Commissioner's report found that Specifications Nos. 2, 3, and 4 were proved by clear and convincing evidence.
On November 7, 1973, respondent, through counsel, filed an objection to the Report of the Commissioner.
Although respondent was originally charged with four specifications of misconduct, the first specification was abandoned at the Commissioner's Hearing. The remaining specifications, which the Commissioner found to be well-founded, are as follows:
"SPECIFICATION NO. 2(Committee File No. 3408)
"In 1969, 1970, and 1971, Levy accepted employment by Great Southern Factors, Inc. to collect various amounts due said corporation. In this connection, he did receive five (5) bearer promissory notes secured by real estate mortgages on immovable properties. Despite the many demands of this client, to date, he had failed, refused, and neglected to return said notes to said client or to account for same. Further, in connection with said employment, he did in June, 1971, receive a check issued by the trustee in the bankruptcy of Rack-A-Rama, Inc., payable to Great Southern Factors, Inc. in the sum of $364.89. Thereafter, he did endorse said check, commingle the proceeds thereof with his own funds, and convert them to his own use. Despite the demand of his client, he had, to date, failed, refused, and neglected to pay over such proceeds.
"SPECIFICATION NO. 3(Committee File No. 3101)
"In May of 1968, Levy accepted employment as attorney for Roy J. Picard to represent him in the sale of certain immovable property in Harvey, Louisiana. Initially, said property was rented and in connection therewith, Levy received, on behalf of said client, some $4,000.00 in rent which he represented was placed in a special account for `safekeeping.' Despite the demands of said client, he failed to transfer said sum of $4,000.00 to him. It is alleged that Levy had commingled said $4,000.00 with his own funds and had converted it to his own use. Further, in connection with said employment, Levy did, under a power of attorney of Roy J. Picard and his wife, execute on their behalf an act of sale of *494 said property with a second mortgage in favor of the Picards. This sale took place on September 30, 1971. To date, despite the demands of this client, Levy had refused to transfer the proceeds of said act of sale to him or to furnish proof and details of said second mortgage. It is alleged that the proceeds of said sale totalled some $6,000.00 and that said sum was commingled with his own funds and, by him, converted to his own use.
"SPECIFICATION NO. 4(Committee File No. 3231)
"In August, 1971, Levy was retained by Vivian R. McCarter to represent her in obtaining a divorce. In this connection, Levy received from her the sum of $200.00. To date, Levy had failed, refused, and neglected to perform the services for which he was retained or to return said $200.00 to this client."
Counsel for the respondent raises two preliminary objections to this proceeding. These objections were originally raised prior to the Commissioner's Hearing.
The first objection centers around a due process argument under the United States and Louisiana Constitutions. Respondent argues that, since he did not reply to the complaints lodged against him, the Committee on Professional Responsibility had no jurisdiction to conduct a formal investigatory hearing in his absence.
This argument is insubstantial. The Due Process Clause of the United States Constitution, as well as that of the Louisiana Constitution, requires only that one be apprised of the charges and be given a fair opportunity to defend himself by confronting and interrogating the witnesses.
Article 15, Section 3(b) of the Articles of Incorporation of the Louisiana State Bar Association provides, "The respondent shall be notified in writing of such hearing." The letter received by respondent, containing the specifications of misconduct, fully complied with this provision and constituted reasonable notice. In re Armstrong, 205 La. 67, 16 So.2d 908 (1943). The respondent acknowledged that he was aware of the hearing. His failure to take advantage of the opportunity to confront and examine the witnesses does not deprive him of due process or divest the court or committee of jurisdiction. Otherwise, an attorney would be able to defeat a disbarment proceeding by absenting himself from the hearing and avoiding a subpoena.
The second objection of the respondent is that the record of the Committee Hearing, compiled in respondent's absence, was improperly introduced at the hearing before the Commissioner. It suffices to say that the introduction of such testimony is supported by the jurisprudence. Louisiana State Bar Ass'n v. Selenberg, La., 270 So.2d 848 (1972); Louisiana State Bar Ass'n v. Ruiz, 261 La. 409, 259 So.2d 895 (1972); Louisiana State Bar Ass'n v. Jacques, 260 La. 803, 257 So.2d 413, cert. den. 409 U.S. 877, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972); Louisiana State Bar Ass'n v. Ricard, 237 La. 530, 111 So.2d 761 (1959).
The record is replete with testimony and exhibits to substantiate the respondent's alleged misconduct. In fact, the respondent admits that he withheld funds and failed to make an accounting. In defense, however, he points to personal problems of various types contributing to his failure.
The Bar Association has the burden of establishing by clear and convincing evidence that the respondent is guilty of the misconduct specified. In re Weber, 202 La. 1037, 13 So.2d 341 (1943); In re Novo, 200 La. 833, 9 So.2d 201 (1942). In the present case, the Association has shown by clear and convincing evidence that the defendant is guilty of mishandling his clients' funds.
Because of their professional status, attorneys must adhere to a high standard *495 of conduct in relations with their clients. Louisiana State Bar Ass'n v. Klein, 253 La. 603, 218 So.2d 610 (1969); Louisiana State Bar Ass'n v. Van Buskirk, 249 La. 781, 191 So.2d 497 (1966). The circumstances that, during the Commissioner's Hearing, the respondent delivered the funds to those entitled to them may be considered in mitigation but does not obviate the need for disciplinary action. In re Craven, 204 La. 486, 15 So.2d 861 (1943). Under all the circumstances, we conclude that disbarment is required here.
For the reasons assigned, it is ordered that the name of Lee K. Levy be, and it is hereby, stricken from the roll of attorneys and his license to practice law in Louisiana is herewith cancelled. The respondent is cast for all costs of this proceeding.