424 So.2d 996 (1982)
LOUISIANA STATE BAR ASSOCIATION
v.
Maurice D. ARMAGNAC.
No. 81-B-0945.
Supreme Court of Louisiana.
July 2, 1982.

DISBARMENT PROCEEDING
DIXON, Chief Justice.
In this disbarment proceeding respondent is charged with receiving succession funds for his clients, failing to disburse them, commingling the funds with his own and converting over $15,500 of the funds to his own use. Respondent admitted the allegations, stating that he felt "his guilt was one of stupidity rather than dishonesty," and that he had made restitution of all but $7,772.50 and was working toward quick repayment.
The commissioner recommended suspension for six months. The Committee on Professional Responsibility disagreed with the recommendation for such leniency as inappropriate for such a serious offense.
Respondent did not dispute any of the evidence adduced at the hearings, nor did he cross-examine any witnesses. His bank statement shows a deposit of the succession funds on November 16, 1979 ($26,516.62) when his bank balance was $90.06. Respondent had no other bank account. His own accounting showed that he paid out to heirs $8,318.70 by January 3, 1980, and nothing else until February 22, 1980. On February 1, 1980, the balance in his account was $73.65. No other payments were made until February 13, 1981. The final payments were made in September, 1981, nearly two years after respondent's receipt of the funds, while the disciplinary proceedings were pending, and then only after some of the unpaid heirs had filed theft charges against him in criminal court.
The only defense raised in this case is that respondent did not intend to deprive the owners of their funds, and that they were ultimately repaid. As witnesses, he presented three of his clients who trusted him and knew him as an honest man. Respondent testified that he used the funds to travel to England and Panama. He said:
"As I indicated in my letter to Mr. Deas on October the 7th, 1980, I have no defense for my failure to disburse these funds immediately upon receipt. The funds were improperly used. They were improperly used out of stupidity, not out of greed or enhancement of my way of life or style of lifestyle. I did not go out and have a good time and run around and buy automobiles and things of that nature. I relied on verification of a bank officer from London that a certain loan had been approved and would be disbursed for a client, and on the strength of my client's assurance that I'd be reimbursed, I made the mistake and went to London, and after being there for three weeks the loan fell on its face and I was out some almost $6,000.00. Then I made a second trip to Panama on the same basis, but a different transaction. That, too, fell on its face, which put in the sum of over $8,000.00, almost $9,000.00...."
*997 There is neither explanation nor corroboration of respondent's excuse. As mitigation, it lacks both detail and substance.
These violations of Disciplinary Rule 9-102 are of the most serious nature.
"The misuse of a client's funds by an attorney represents the gravest form of professional misconduct. It strikes at the heart of public confidence in the legal profession." Louisiana State Bar Association v. Selenberg, 270 So.2d 848, 849 (La.1972).
The interest of the public and the bar itself requires disbarment.
It is therefore ordered that the name of Maurice D. Armagnac be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked and canceled, all at his cost.
CALOGERO, J., dissents being of the view that a substantial suspension from the practice of law is the more appropriate imposition of discipline.
WATSON, J., dissents; a long term of suspension is appropriate.