427 So.2d 840 (1983)
LOUISIANA STATE BAR ASSOCIATION
v.
Jerry B. DAYE.
No. 81-B-2526.
Supreme Court of Louisiana.
January 21, 1983.
Rehearing Denied March 25, 1983.
Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick E. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Phillippi P. St. Pee, Metairie, Roland J. Achee, Shreveport, Gerard F. Thomas, Jr., Natchitoches, for Louisiana State Bar Ass'n.
*841 Jerry B. Daye, Ferriday, in pro. per.

DISCIPLINARY PROCEEDING
LEMMON, Justice.
This is a disciplinary proceeding against an attorney, who has been charged with serious misconduct in connection with his legal representation of a client. This court appointed a Commissioner, who conducted a hearing and found that respondent had violated Disciplinary Rules 1-102 and 9-102 of the Code of Professional Responsibility. The Commission recommended that respondent be reprimanded and limited for a period of one year to representation of indigent defendants within his judicial district or, alternatively, that respondent be suspended for six months. The Bar Association concurred in the Commissioner's findings of fact, but objected to the recommended disciplinary action, asserting that the misconduct warranted a more severe punishment. We agree and accordingly impose a suspension of three years.
The evidence at the hearings established that Mrs. E.G. Long employed respondent to handle an act of sale of immovable property, for which the purchaser gave respondent a $9,000 check payable to Mrs. Long. After attempting unsuccessfully to deposit the check to his own account, respondent prepared a power of attorney, on which he (or someone at his direction) forged the signatures of Mrs. Long and a notary public. Respondent then obtained his client's funds and applied them to his personal use. Respondent eventually made full restitution in about two months, but not until Mrs. Long filed legal proceedings to recover the funds. Respondent also paid the fee of the lawyer retained by Mrs. Long in those proceedings.
The notary public whose signature was forged and the attorney who prosecuted Mrs. Long's suit testified that respondent had experienced extraordinary personal problems and severe emotional stress for a period of time, but had since regained the respect of his community and was currently active in religious, civic and professional circles. Over 20 public officials and local businessmen submitted letters on behalf of respondent's cause.
We note, as the Commissioner emphasized, that respondent's violation of professional responsibility was an isolated incident and was not part of a pattern of misconduct. We further note the Commissioner's finding that respondent had true contrition for his transgression, had never clearly intended to deprive Mrs. Long of her money, and had worked diligently to redevelop the confidence of the lay and legal community. We also acknowledge the Commissioner's comment that he could not conclude that respondent, on the basis of a single (although serious) act of misconduct, constituted a threat to the profession or the public.
Nevertheless, on the negative side, we note that respondent's violation involved the use of his professional license and the misappropriation of a client's funds for his personal purposes. Respondent's conduct not only was professionally unethical, but also was illegal and morally reprehensible and was the type of violation that strikes at the very heart of public confidence in the legal profession. While a disciplinary proceeding is not designed primarily to punish the attorney, a principal purpose is protection of the public, the profession and the courts.[1]
Weighing the serious nature of the offense against the fact that the misconduct occurred in a single isolated incident, and considering the overall circumstances of this particular case, we conclude that a suspension of three years is the appropriate disciplinary action.
Accordingly, it is ordered that Jerry B. Daye be suspended from the practice of law in the State of Louisiana for a period of three years, effective upon the date of finality of this decree. All costs of this proceeding shall be paid by the respondent.
*842 DENNIS, J., concurs with reasons.
DIXON, C.J., and BLANCHE, J., additionally join in the concurrence by DENNIS, J.
DENNIS, Justice, concurring.
I respectfully concur.
Disbarment is warranted when an attorney misappropriates his client's funds by use of a forged power of attorney. However, I believe that the majority has reached a fitting result in this case considering the extensive delay between the complaint (March 1, 1977) and the first disciplinary hearing (March 15, 1982) and the attorney's well documented exemplary conduct both before his single breach of ethics and during the past six years. Inordinate delays are unfair and unjust to an accused attorney and create an ordeal in themselves which serves as punishment for a disciplinary infraction over and above that imposed by this court. See LSBA v. Edwards, 387 So.2d 1137 (La.1980).
NOTES
[1] In other cases involving similarly serious misconduct in the course of representing clients, we have imposed sanctions up to and including disbarment. See, for example, Louisiana State Bar Association v. Selenberg, 270 So.2d 848 (La.1972).