DISCIPLINARY PROCEEDINGS
WATSON, Justice.
This is a disciplinary proceeding brought by the Louisiana State Bar Association through its Committee on Professional Responsibility against one of its members, Ralph E. Orpys.
Orpys settled the tort claim of a client, Hubert M. Fedison, a stevedore, against a vessel for $10,000. As part of the settlement agreement, Employer’s National Insurance Company, which had paid Fedison $6,821.90 in compensation benefits, was to receive a $2,000 reimbursement. This agreement was signed by Orpys, Fedison and Dwight LeBlanc for the vessel’s owners. Orpys also verbally agreed to the payment. On November 21,1978, Orpys deposited the $10,000 check in his sole personal bank account. Fedison was paid $5,000. Employer’s National Insurance Company was unsuccessful in obtaining payment of its $2,000 from Orpys and in July or August of 1980 they referred the matter to their attorney, Paul B. Deal. Orpys’ bank account contained less than $2,000 on many occasions in the interim. Deal made repeated efforts to collect the amount due from Orpys, but was finally forced to file suit. On June 25,1981, a default judgment was obtained in Employers National Insurance Company v. Ralph E. Orpys. Orpys failed to pay the judgment and entered a motion for new trial which was set for hearing on September 11, 1981. The hearing was continued after Orpys contacted Deal and said that he would make payment on Monday, September 14. Orpys gave Deal a check for $2,170.83, which was the principal amount plus court costs. Although Deal spent more than $2,000 worth of time on the matter, he waived his attorney’s fee in order that the insurance company would not have a further loss.
At a formal investigatory hearing on September 18,1981, three other matters involving Orpys were considered, but he was found guilty only in connection with his neglect and refusal to pay Employer’s National Insurance Company the $2,000 which he had converted to his own use. A petition for disciplinary action was filed and a hearing was held before Val A. Sehaff, III, commissioner, on May 18, 1982.
Orpys has claimed throughout these proceedings that he had paid Employer’s National Insurance Company the $2,000, and made a second payment after judgment was rendered against him. He has never produced any documentary evidence. At the commissioner’s hearing, Orpys said he might have paid the money through a Cincinnati bank when he was in Ohio in connection with his mother’s illness and his aunt’s fatal illness. Orpys was given two weeks to produce evidence of payment. None was ever produced. The commissioner concluded that Orpys was guilty of violating Disciplinary Rules 9-102[1] and 1- *844 102[2] of the Code of Professional Responsibility. The commissioner recommended suspension of Orpys’ license to practice law for a period of one year. The Committee on Professional Responsibility of the Louisiana State Bar Association concurs in the commissioner’s recommendation.
Commingling and conversion of clients’ funds can result in disbarment. Louisiana State Bar Association v. Armagnac, 424 So.2d 996 (La., 1982). Although Employer’s Mutual Insurance Company was not Orpys’ client, he had a fiduciary relationship with them and held the company’s funds. He was obligated by written and oral agreements to surrender the company’s share of the settlement money. Although Orpys’ failure to pay this obligation is a serious matter involving a substantial sum of money, he has not shown a pattern of misconduct. Compare Louisiana State Bar Association v. Mayeux, 249 La. 7, 184 So.2d 537 (1966). However, the insurance company was deprived of its money for almost three years, and attorney Deal lost valuable work hours. A one year’s suspension is an appropriate penalty. Compare Louisiana State Bar Ass’n v. Rivette, 368 So.2d 1045 (La., 1979).
For the reasons assigned,
IT IS ORDERED, ADJUDGED AND DECREED that Ralph E. Orpys be suspended from the practice of law and his license to practice law be revoked for a period of one year, and that he pay all costs herein.

. Disciplinary Rule 9-102 of the Code of Professional Responsibility provides:
“(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
“(1) Funds reasonably sufficient to pay bank charges may be deposited therein.
“(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
“(B) A lawyer shall:
“(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
“(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
*844 “(3) Maintain complete records of all funds, securities, and other properties of a client coining into the possession of the lawyer and render appropriate accounts to his client regarding them.
“(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.”

. Disciplinary Rule 1-102 of the Code of Professional Responsibility provides:
“(A) A lawyer shall not:
“(1) Violate a Disciplinary Rule.
“(2) Circumvent a Disciplinary Rule through actions of another.
“(3) Engage in illegal conduct involving moral turpitude.
“(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
“(5) Engage in conduct that is prejudicial to the administration of justice.
“(6) Engage in any other conduct that adversely reflects on his fitness to practice law.”