439 So.2d 415 (1983)
LOUISIANA STATE BAR ASSOCIATION
v.
Jerome T. POWELL.
No. 82-B-2939.
Supreme Court of Louisiana.
October 17, 1983.
Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Peé, Metairie, Roland J. Achee, Shreveport, Gerard F. Thomas, Jr., Natchitoches, for applicant.
Jerome T. Powell, in pro. per.

*416 DISCIPLINARY PROCEEDING
DENNIS, Justice.[*]
This is an attorney disciplinary proceeding. See La. Const. Art. V, § 5(B); Rules of the Supreme Court of Louisiana, Rule 19 (1973). The proceeding arises out of the attorney's handling of two different matters.

The Bates Succession
In 1977 respondent attorney, Jerome T. Powell, was retained by the heirs of Liner Bates to handle Bates' succession. Representing that it was necessary to mortgage some of the succession property to pay succession debts, Powell obtained the heirs' signatures on a promissory note secured by a mortgage on the Bates family home. Powell pledged the note to a mortgage company to secure a loan by it to himself in the amount of $8321.00. Subsequently, the mortgage company foreclosed on the property and demanded rent from the Bates heirs.
The Bates heirs testified that they did not receive any of the loan proceeds, that although their signatures were on the note, they did not remember having signed it. In his defense, Powell testified that the heirs knowingly signed the instruments to enable him to pay the succession debts and that all of the loan proceeds were used for this purpose, for advances to the Bates heirs, or for the payment of expenses for them. Powell produced an itemized statement which purported to describe his expenditures of the loan proceeds. This statement was compiled by Powell in response to a discovery motion filed by an attorney for the Bates heirs in a civil suit and was not a contemporaneous record of the expenditures. The Bates heirs acknowledged that some of the items were valid but specifically denied having received direct or indirect benefit of many of the payments on Powell's list. Powell had never tendered a statement of account to the Bates heirs showing his fees or expenses in connection with the succession.
The Commissioner found clear and convincing evidence that Powell had violated Disciplinary Rule 9-102, "Preserving Identity of Funds and Property of a Client," by his failure to preserve the identity of the funds owed his clients and owed him by his clients, and/or to be disbursed by him on behalf of his clients. The Commissioner's findings are correct because Powell did not keep his clients' funds in a separate bank account, notify his clients of the receipt of their funds, securities or other properties, maintain complete records of client funds coming into his possession, render appropriate accounts to his clients regarding them, or promptly pay or deliver to the clients as requested the funds or property in the lawyer's possession which they were entitled to receive. Id.
Although the Commissioner found some evidence that Powell had defrauded his clients by obtaining their signatures by misrepresentation, D.R. 1-102, and had neglected a legal matter entrusted to him, D.R. 6-101(A)(3), he apparently felt that the burden of proof had not been sustained as to these alleged violations and did not recommend any sanction in this regard. For the commingling breach, however, the Commissioner recommended a six month suspension of membership in the bar.
In its brief in this court the Committee on Professional Responsibility contends that Powell obtained the heirs' consent to the mortgage of their home through fraud and subterfuge and converted all of the funds to his own use. The Committee points out that many of the payments listed on Powell's itemized statement do not relate to succession debts which the loan was designed to retire but to purported personal expenses of the heirs incurred later during Powell's unnecessary and unwarranted retention of the proceeds. Nevertheless, we agree with the Commissioner that the Committee failed to prove a case of fraud in this instance by clear and convincing evidence as required by our jurisprudence. LSBA v. Levy, 292 So.2d 492 (La.1974); LSBA v. Brown, 291 So.2d 385 (La.1974); LSBA v. Mitchell, 375 So.2d 1350 (La.1979). It is *417 undisputed that the Bates' heirs received benefit of a substantial part of the loan proceeds, that they actually signed the note in question, and that they were aware Powell intended to mortgage succession property. While there is abundant evidence of undisciplined commingling of funds, the Committee has not sustained its burden of proof as to actual fraud.

The Brown E. Moore Note
In 1979, Respondent attorney Powell presented to the Pioneer Bank & Trust Company a promissory note signed by his client Brown E. Moore, payable to the order of the bank in the amount of $2000. Powell endorsed the note himself to renew a loan which, according to Mr. Powell, Brown E. Moore had made for Powell's benefit. At the time of this transaction Brown E. Moore was suffering from his last illness and was incapable of having signed the note. A handwriting expert employed by the Committee compared the signature on the note with other specimens of Brown E. Moore's handwriting and testified that the note signature had been forged. In his defense, Powell testified that on an occasion prior to Moore's illness, when Moore was leaving for an extended trip to California, that Moore had given Powell the signed note to use in obtaining funds in case Powell was unable to make timely payments on his bank note. However, Powell did not contest the fact that the note was a forgery. He testified that he received the signed note in an envelope from Moore, and he presented no expert handwriting testimony of his own.
The Commissioner and the Committee concur in finding that the respondent breached D.R. Rule 1-102 by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and D.R. 9-102 by commingling of his client's funds with his own. We agree with the finding of dishonesty and fraud, but the evidence does not support a finding of commingling since Powell obtained credit and not funds by his deceit. The respondent's explanation is weak and unlikely in view of the damning evidence against him.
As a sanction, the Commissioner recommends a three year suspension and the Committee recommends disbarment.

Conclusion
The purpose of lawyer disciplinary proceedings is not so much to punish the attorney as it is to maintain appropriate standards of professional conduct in order to protect the public and the administration of justice. LSBA v. Bubert, 421 So.2d 831 (La.1982); LSBA v. Ronald Causey, 393 So.2d 88 (La.1980); LSBA v. Quaid, 368 So.2d 1043 (La.1979); LSBA v. Bensabat, 378 So.2d 380 (La.1979); ABA Joint Committee on Professional Discipline, Standards for Lawyer Disciplinary and Disability Proceedings, Section 1.1, (tentative draft June, 1978). The discipline to be imposed in a particular case, of course, will depend upon the seriousness and circumstances of the offense, fashioned in light of the purpose of lawyer discipline, taking into account aggravating and mitigating circumstances. LSBA v. Causey, supra.
In view of these precepts and our finding that respondent has violated disciplinary rules 1-102 and 9-102, we adopt the Committee on Professional Responsibility's recommendation that respondent be disbarred. The misuse of a client's funds by an attorney represents the gravest form of professional misconduct. It strikes at the heart of public confidence in the legal profession. LSBA v. Selenberg, 270 So.2d 848 (La.1972), cert. den. 414 U.S. 1021, 94 S.Ct. 443, 38 L.Ed.2d 312; LSBA v. Armagnac, 424 So.2d 996 (La.1982); LSBA v. Daye, 427 So.2d 840 (La.1983). Obtaining credit by fraud at a client's expense is equally grave and reprehensible. Additionally, this is the second time defendant has been found guilty of a serious disciplinary rule violation. See LSBA v. Powell, 248 La. 237, 178 So.2d 235 (1965). Under these circumstances, and in the absence of any significant mitigating factors, we conclude that the maintenance of appropriate professional standards, the protection of the public and the administration of justice require that the respondent be removed from the practice of law.
*418 Accordingly, for the reasons assigned, it is ordered, adjudged and decreed that the name of Jerome T. Powell, respondent, be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked.
DISBARMENT ORDERED.
NOTES
[*] Bailes, J. sitting for Justice Marcus.