DISBARMENT PROCEEDING
SANDERS, Justice.
The Louisiana State Bar Association instituted this proceeding to disbar Prentiss E. Cox, asserting he had been convicted of a felony. This Court denied the respondent attorney’s motion to suppress the judgment of conviction. See Louisiana State Bar Association v. Cox, 250 La. 755, 199 So.2d 534. It then appointed Planche F. Villere of the New Orleans Bar as a Commissioner to receive the evidence and to report his findings of fact and conclusions of law.
After receiving the evidence, the Commissioner reported:
“Prentiss E. Cox, a member of the' Louisiana State Bar Association, practicing in Terrebonne Parish, Louisiana, was convicted in the matter of State of Louisiana vs. Prentiss E. Cox, No. 16,-367 of the docket of the Seventeenth Judicial District Court, Parish of Terrebonne, of the crime of theft of property of Two Hundred Fifty and no/100 ($250.00) dollars value and the sentence of Honorable J. Louis Watkins, Judge of Division ‘A’ of said court read as follows:
‘“* * * CHARGE: THEFT
The accused appeared in Open Court in the presence of his attorney Mr. Charley J. Schrader, Jr., for imposition of sentence, having been tried and found guilty on September 24, 1964.
“ ‘Whereupon, considering the various letters and other writings which were introduced and filed into the record, the Court, for the reasons orally assigned, sentenced the accused to suffer imprisonment at hard labor for the term of three (3) years; provided that he be placed on probation for the term of three (3) years on the condi *981 tion that he submit himself to psychiatric treatment until discharged by a psychiatrist.’ ”
i|< Sfc # i{c
“The charge of theft under which Prentiss E. Cox was convicted arose out of the following:
“Mr. Prentiss E. Cox was attorney for Mr. John H. Molthen who was cast in a suit in the matter of ‘Amy C. Laperouse, et al vs. St. Paul Mercury Insurance Co., et al’, No. 21773 of the docket of the Seventeenth Judicial District Court. The Judgment was for One Thousand and no/100 dollars ($1,000.00), plus interest and costs. After Judgment was signed it was agreed by and between Mr. Cox who represented Mr. Molthen and Mr. Shirley Friend, attorney for the Insurance Company that Mr. Molthen was to pay Two Hundred Fifty and no/100 dollars ($250.00), and the balance of the Judgment would be paid by the Insurance Company. It was agreed the Two Hundred Fifty and no/100 dollars ($250.-00) to be paid by Mr. Molthen would be turned over to the Insurance Company and the Insurance Company would pay the entire amount of the Judgment to plaintiffs.
“Mr. Cox received the Two Hundred Fifty and no/100 dollars ($250.00) from Mr. Molthen for the purpose of satisfying the Judgment as agreed but Mr. Cox did not pay the Two Hundred Fifty and no/100 dollars ($250.00) to the Insurance Company until after he was charged with theft of the money he received from Mr. Molthen * *
The Commissioner recommended that the Court either accept the attorney’s resignation as a member of the bar or that he be suspended from practice for a period of two years.
The respondent attorney took no formal exceptions to the factual findings of the Commissioner. Hence, it is” the duty of the Court to take appropriate disciplinary action. See Louisiana State Bar Ass’n v. Powell, 248 La. 237, 178 So.2d 235 and Louisiana State Bar Association v. Wheeler, 243 La. 618, 145 So.2d 774, certiorari denied, 373 U.S. 933, 83 S.Ct. 1537, 10 L. Ed.2d 690.
The primary objective of such disciplinary action is to protect the courts and the public. No greater penalty should be imposed than that which is required to accomplish this purpose. In re Craven, 204 La. 486, 15 So.2d 861.
The record reflects that the attorney breached his trust on a single occasion. After this lapse in professional ethics, he withdrew from law practice and belatedly accounted for the funds entrusted to him. The State Bar Association concedes he has not practiced law since the filing of this disbarment proceeding on July 15, 1966. *983 Under all the circumstances, we think a suspension of two years, as recommended by the Commissioner, will accomplish the disciplinary purpose.
For the reasons assigned, it is ordered that Prentiss E. Cox be suspended from the practice of law in the State of Louisiana for a period of two years from January 1, 1968. All costs of this proceeding shall be paid by respondent.