DISBARMENT PROCEEDINGS
FOURNET, Chief Justice.
This court’s Committee on Professional Ethics and Grievances instituted this proceeding against Robert U. Blum, a member of the Louisiana bar, under the original jurisdiction vested in us by Section 10 of Article VII of the Louisiana Constitution of 1921,[1] seeking his disbarment on charges of professional and ethical misconduct.[2]
The proceedings were initially instituted on August 22, 1969 predicated upon five specifications dated March 7, 1969.[3] The *533 proceedings were later supplemented and amended on February 3, 1970, being based upon three specifications dated November 6, 1969. [4]
In his answer to the original petition defendant alleged that the parties referred to in Specifications 1, 2, 3, 4, and S had received all sums due and owing them, and in answer to the amended and supplemental petition he averred that “proponents of said charges owe Defendant considerably more than the amount which Defendant owes said proponents,” hopefully anticipating an amicable settlement.[5]
Following a full hearing before the committee, defendant, duly represented by his counsel, waived appointment of a commissioner to take evidence and report his findings of facts and conclusions of law,[6] and agreed that the matter be submitted to this court on the record as made up at the hearing.
The day this matter was called for argument before this court the defendant submitted a motion for his resignation from the practice of law and sought to have the proceedings, in the meantime, continued to afford him an opportunity to affect a settlement and to file the results thereof in this proceeding in mitigation of his offense. This was opposed by the committee and denied by the court.
This leaves for our consideration the proper disciplinary action to be taken against the defendant under the facts of this case. In reaching such decision it is apt to observe that the purpose of disciplining a practicing attorney is not intended as a punishment, but rather for the protection of the public against the misconduct *535 and the illegal action of members of the bar as well as protection of the integrity of the legal profession.
With this in mind we have carefully studied the record and agree with the findings of fact of the committee. Although the record supports the defendant’s contention that he has made restitution in regard to specifications 1, 2, 3 and 4 of March 7, 1969, it shows this was only done after the complaints were filed with our grievance committee and pressure brought upon the defendant to make' such restitution. However, he has not made restitution for the jewelry received from Mrs. Williams.
It is uncontroverted that Blum has made no restitution for the sums obtained as set forth in specifications 1 and 2 with respect to the Succession of Vinet, nor has he made good the check ordered by the court for reimbursement to the Succession. Although in his answer Blum claimed the Succession and corporations controlled by the decedent owed him considerably more than the claims made against him, he admitted at the hearing, through his counsel, that these succession monies were received by him and converted to his own use and there was $80,000.00 for which he still had to make restitution.
Under the foregoing circumstances, we are constrained to agree with the committee’s finding that the defendant has been guilty of ethical and professional misconduct of such gravity so as to evidence his total lack of moral fitness for the practice of law.
For the reasons assigned defendant’s motion to have this court accept his resignation and that he be allowed to surrender his certificate, is denied; and it is ordered that the name of Robert U. Blum, be and it is hereby stricken from the roll of attorneys, and his license to practice law in Louisiana is herewith cancelled. All costs of these proceedings are to be paid by the defendant.

. Under this article this court has “exclusive original jurisdiction in all disbarmexxt cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as the court may adopt,” and accordingly we created a Committee charged with the mandatory duty of (1) investigating all complaints lodged against members of the Bar, and (2) instituting disbarment or sxxspension proceedings if, after investigation, it finds the conduct complained of warrants such action. Proceedings are instituted by the filing of the petition by the Committee, with issue being joined upon the filing of an answer by the accused member.

. The charges involved in this proceeding also formed the basis for criminal charges broxxght against the defendant but a dismissal of the latter was subsequently secured.

. The specifications succinctly provide that Blum (1) received $30,080.00 as the purchase price of real estate and failed to disburse said funds to Eureka Homestead in satisfaction of the mortgage, (2) obtained $473.00 from Mrs. Mace, by whom he had been retained, to pay inheritance tax, (3) obtained $1,000 through the use of a power of attorney ho had prepax-ed for Mrs. Williams’ mother, and (4) obtained $4,000 as attorney for the succession of Carolyn Owen from the proceeds of a life insurance policy, all of which he commingled with his own funds and converted to his own use; and (5) as attorney for Mrs. Williams he received jewelry appraised at $2,685.00 which he *533 pawned for $240.75 and for which there has been no restitution.

. These specifications provide that Blum, as attorney for the Succession of Ifuniee Vinet (1) received royalty checks totaling $92,631.33, retaining $66,131.33 thereof, and (2) received four checks totalling $21,563.06 to settle claims against the succession, commingling both with his own funds and converting it to his own use, and (3) although he issued a check, pursuant to order of court to return $80,131.33 to the succession, the same was dishonored by the bank and he has failed to make good such amount to this date.

. At the hearing on December 15, 1969 Blum admitted he had done wrong and informed the committee that as of that date he would voluntarily cease and desist the practice of law until such time as this court makes a determination of what punishment is due liim.

. After issue has been joined by the filing of the answer by the accused member “the court may bear the evidence, or the court may appoint a commissioner to take the evidence in chambers.” Section 7, Article XIII, Articles of Incorporation of the Louisiana State Bar Association. If a commissioner is appointed for this purpose he is required upon the termination of the hearing to “report to the Supreme Court his findings of fact and conclusions of law.” Section 9. This section further provides that “the parties shall have twenty days from the filing of the report to file exceptions thereto, and if no exceptions are, within that period, filed by either party, the report shall stand confirmed.”