307 So.2d 336 (1975)
LOUISIANA STATE BAR ASSOCIATION
v.
Alcide J. WEYSHAM.
No. 54158.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
Edgar H. Lancaster, Jr., Chairman, Tallulah, Curtis R. Boisfontaine, New Orleans, Leonard Fuhrer, Alexandria, A. Leon Hebert, Baton Rouge, Harold J. Lamy, New Orleans, Henry A. Politz, Shreveport, John F. Pugh, Thibodaux, A. Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., New Orleans, for plaintiff-applicant.
Samuel I. Rosenberg, Polack, Rosenberg, Rittenberg & Endom, New Orleans, for defendant-respondent.
SANDERS, Chief Justice.
On September 11, 1973, the Louisiana State Bar Association, appearing through the Committee on Professional Responsibility, brought this proceeding against Alcide *337 J. Weysham, a practicing attorney, seeking his disbarment for professional misconduct.
A hearing was conducted by the Committee. Mr. Weysham appeared before the Committee, conducting his own defense. The Committee on Professional Responsibility concluded from the evidence that the respondent had been guilty of such misconduct as to indicate a "lack of moral fitness for the practice of law."
On December 10, 1973, proceedings for disbarment were instituted in this Court. A commissioner was appointed by the Court, to report his findings of fact and conclusions of law.
The Commissioner's hearing was conducted on March 5-7, 1974. Mr. Weysham was present for the hearing, represented by counsel.
The Commissioner found that six instances of misconduct, relating to the failure to properly handle and account for his client's funds, were proved by clear and convincing evidence. We deem it unnecessary to detail these findings, other than to say that they represent a course of misconduct extending over a period of several years. The misconduct includes the commingling of his clients' funds with his own and failure to account to his clients for funds due them.
The respondent attorney denies any misconduct. He asserts that, though he did not deposit the funds in a separate bank account, he kept them in separate envelopes, located in a strongbox or safe at home. He attributes his delay in accounting to his clients to a variety of personal factors, including seizure of his bank accounts by the United States Internal Revenue Service, illness in his family, remarriage, and fee disagreements.
After reviewing the record, we adopt the findings of the Commissioner.
An attorney should avoid even the appearance of impropriety. An attorney has a duty to uphold the integrity of the bar. Louisiana State Bar Association v. Blum, 256 La. 530, 237 So.2d 366 (1970); In re Novo, 200 La. 833, 9 So.2d 201 (1942). See also: Louisiana State Bar Association v. Cox, 252 La. 978, 215 So.2d 513 (1968); Louisiana State Bar Association v. Powell, 248 La. 237, 178 So.2d 235 (1965); Louisiana State Bar Association v. Wheeler, 243 La. 618, 145 So.2d 774 (1962).
The attorney is obligated to take due precautions to protect and preserve the funds of his clients. The Code of Professional Responsibility, under Disciplinary Rule 9-102, sets forth the following guidelines for the maintenance of client funds:
(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
(1) Funds reasonably sufficient to pay bank charges may be deposited therein.
(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
(B) A lawyer shall:
(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
(2) Identify and label securities and properties of a client promptly *338 upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive. (LSA Vol. 37, Article XVI, Canon 9, Articles of Incorporation of Louisiana State Bar Association).
The record reflects that in most, if not all, instances of misuse of funds, the respondent has accounted to his clients. The record, however, also indicates that in most instances, despite repeated prior demands, restitution was not made until just before a formal investigatory hearing by the Committee on Professional Responsibility, thus leading to the inference that restitution might not have been made except for the disciplinary proceedings. Restitution, of course, is a mitigating factor, but under the circumstances of the present case, it does not obviate the need for disciplinary action. This is especially true since two other complaints similar to those here resulted in formal reprimand of the respondent.
In our opinion, the record requires disbarment for the protection of the courts and the public. See Louisiana State Bar Association v. Jacques, 260 La. 803, 257 So.2d 413 (1973); Louisiana State Bar Association v. Blum, 256 La. 530, 237 So. 2d 366 (1970); Louisiana State Bar Association v. Klein, 253 La. 603, 218 So.2d 610 (1969); Louisiana State Bar Association v. Haylon, 250 La. 651, 198 So.2d 391 (1967); Louisiana State Bar Association v. Van Buskirk, 249 La. 781, 191 So.2d 497 (1966).
For the reasons assigned, it is ordered, adjudged, and decreed that the name of Alcide J. Weysham be stricken from the Roll of Attorneys and his license to practice law in the State of Louisiana be revoked and cancelled.