DISCIPLINARY PROCEEDING
DIXON, Chief Justice.
The Louisiana Bar Association instituted this disbarment proceeding against Wilfret R. McKee for numerous offenses, including misappropriations of clients’ funds and repeated failures to represent his clients’ interests.
After proper and timely notice, a hearing was held on November 15, 1985, at which respondent failed to personally appear. Subsequent to the hearing, the bar association filed a petition for disciplinary action against respondent. After he filed his answer, Michael G. Bagneris was appointed commissioner.
The respondent appeared at the hearing without counsel. The bar association introduced into evidence the verbatim transcripts from the investigatory hearing held on November 15, 1985. The commissioner filed his report on May 29, 1987, together with transcripts from the hearings conducted in October, 1986. The report disclosed that the bar association withdrew three of the eight original specifications, two of them after the commissioner concluded that there was insufficient evidence with which to charge respondent. The bar association concurred with the commissioner’s findings of fact, conclusions of law and recommendation as to discipline.
This action is predicated on the commissioner’s findings of serious misconduct as to the remaining five specifications.
In Specification No. 1, the bar association argues that on or about August, 1981, Mr. McKee was retained by Janet Edwards to represent her husband in a criminal appeal and given a check for $339.50 for the purpose of purchasing a transcript of testimony; instead, he cashed the check without purchasing the transcript, commingling and converting the proceeds to his own use and failing to perform any legal services in the criminal appeal.
In Specification No. 2, the bar association argues that on or about May 9, 1987, McKee was retained to represent Chester Brantley in domestic litigation, but neglected to perform legal services on his behalf, to the detriment of his client.
In Specification No. 5, the bar association argues that respondent was retained to handle certain legal matters for Lehman Montgomery, who died in May, 1984, but failed to furnish the administratrix of the succession of Lehman Montgomery the files and documents relating to Mr. Montgomery.
*481 In Specification No. 6, the bar association argues that respondent was retained by Dianne Logan in May of 1983 to perform certain legal services on her behalf related to her husband’s succession. In connection with the services he was entrusted to perform, he was given authority to sign checks on the succession account, but converted to his own use $17,500 belonging to the succession, and borrowed another $30,-000 from Mrs. Logan.
In Specification No. 7, the bar association argues that respondent was retained by Saline Denise Moore to represent her in a worker’s compensation claim, but failed to file suit on her behalf or perform any legal services whatsoever.
In connection with these specifications, the Louisiana State Bar Association suggests that respondent has been guilty of a multitude of violations, including but not limited to the following: converting and commingling funds advanced by clients for legal services not rendered, in violation of DR 1-102 (violation of a disciplinary rule), DR 1-102(A)(4) (fraudulent or dishonest conduct) and DR 9-102 (segregation, accounting and return of client’s funds); failing to appear in court to represent his client and neglecting to perform legal services, in violation of DR 1-102 (fraudulent or dishonest conduct) and DR 6-101 (incompetence or neglect to perform a legal matter entrusted to him); failing to provide the administratrix of the succession of Lehman Montgomery with business records and documentation requested, in violation of DR 1-102(A)(4) (fraudulent or dishonest conduct) and DR 6-101(A)(3) (incompetence or neglect) and DR 9-102(B)(3) (improper maintenance and accounting of client’s records); borrowing funds from his client, in violation of DR 1-102(A)(4) (fraudulent or dishonest conduct) and (A)(6) (other conduct reflecting poorly on one’s ability to practice law) DR 5-101 (acceptance of employment when professional judgment affected by attorney’s personal or financial interest), DR 5-104 (conflicting business interests) DR 6-101 (incompetence or neglect) and DR 9-102 (segregation, accounting and return of client’s funds); and neglecting to file suit on behalf of a client and failing to perform legal services for a client, in violation of DR 1-102(A)(4), (5), (6) (fraudulent or dishonest conduct, conduct prejudicing administration of justice, and other conduct reflecting poorly on the attorney’s fitness to practice law), DR 6-101(A)(3) (incompetence or neglect), and DR 7-101 (less than zealous representation of a client).
The bar association established by clear and convincing evidence that respondent was guilty of the alleged specifications of misconduct. The record clearly supports the commissioner’s finding of gross professional misconduct.
In connection with Specifications 1-(A) and 1-(B), the commissioner found that respondent accepted a fee from a client and was to file an appeal in connection with the client’s criminal conviction. Not only did respondent fail to file the appeal, causing his client to miss the filing deadline, he also failed to refund the unearned fee, and was sued by his client for the refund. His client procured a judgment against respondent and, to this day, respondent has not paid the judgment.
In connection with Specification No. 2, the commissioner’s findings of fact accurately set forth the misconduct which occurred: respondent abandoned his client, failed to appear in court for his client, and subsequently caused his client to be held in contempt of court. Respondent was retained to represent his client in connection with divorce and child support proceedings. The client was “served” with notice of a rule to show cause in the child support case through his attorney of record, respondent. He did not inform his client of the rule and, further, failed to appear and defend his client, who testified at the commissioner’s hearing that he had a valid defense to the rule, namely that the payments had been made. As a result of respondent’s neglect, judgment was rendered against the client. The client subsequently retained new counsel, who filed suit against respondent for the damages he incurred, and after a consent judgment was entered, respondent failed to make any attempt to satisfy the judgment.
*482 In connection with Specification No. 5, the commissioner found that respondent was retained by complainant’s husband to handle his business affairs. When her husband died, complainant requested all the business records and documents which were in the possession of respondent. He refused to produce the records even after being ordered to do so by the court. Respondent failed to appear in court and provide any explanation whatsoever.
In connection with Specification No. 6, the commissioner found that respondent was guilty of violating several disciplinary rules. He found that respondent represented complainant in connection with a succession proceeding. In those proceedings, respondent converted and commingled funds belonging to the succession; neglected the matter; failed to provide an accounting to his client and the court; borrowed money from his client and failed to pay it back; and caused his client to become involved in litigation with other heirs due to his failure to properly document and account for the funds in the succession. The commissioner found that all of the violations respondent was charged with in connection with this complaint were proven not only by clear and convincing evidence, but by overwhelming evidence.
Finally, in connection with Specification No. 7, the commissioner found that respondent was hired to represent complainant in connection with a worker’s compensation suit; received several notices from opposing counsel to depose respondent’s client; failed to inform his client of the scheduled deposition; and failed to appear at the deposition on his client’s behalf. His client’s case was dismissed by the court due to the fact that respondent and his client failed to appear in court.
The bar association and .the commissioner concluded that respondent is unfit to practice law. An examination of the record clearly establishes that respondent has been guilty of professional misconduct as set forth in the specifications, and respondent’s conduct has exhibited a complete lack of integrity and competence. His repeated violations of DR 9-102 for commingling and failing to deliver to his clients sums of money due them upon request are enough alone to compel disbarment; in converting his clients’ funds to his personal use, McKee acted fraudulently and in bad faith, intending results inconsistent with the client’s interests. The magnitude and duration of his clients’ deprivations are extensive, as have been the magnitude of their damages. Finally, McKee has to this date failed to make restitution to his clients for his use of their funds. See Louisiana State Bar Association v. Krasnoff, 488 So.2d 1002, 1006 (La.1986), citing Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986); Louisiana State Bar Association v. Atkins, 440 So.2d 106 (La.1983); Louisiana State Bar Association v. Jordan, 375 So.2d 89 (La.1979); Louisiana State Bar Association v. Philips, 363 So.2d 667 (La.1978); Louisiana State Bar Association v. Weysham, 307 So.2d 336 (La.1975). The record is devoid of mitigating circumstances.
It is therefore ordered that respondent Wilfret R. McKee’s name be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked and cancelled. Respondent is ordered to pay all costs of these proceedings.