HAWTHORNE, Justice.
This is a proceeding instituted by the Louisiana State Bar Association through its Committee on Professional Ethics and Grievances, appointed by this court on the recommendation of the Board of Governors of the association, for disbarment of Milton H. Cohen, an attorney at law. The principal ground on which the committee seeks the disbarment of the respondent Cohen is that as an attorney at law he received specified sums of money from or in behalf of named clients, and that he failed to distribute properly the funds so received or to account to his clients for them. The petition sets out in its specifications the alleged misconduct of the respondent in detail, as was proper, but it is unnecessary for us to quote or repeat these details here.
Upon the filing of the petition this court appointed Mr. Philip Gensler, an attorney at law who had been engaged in active practice for not less than 10 years, commissioner to take the evidence and report to this court his finding of facts and conclusions of law. In due course the commissioner so appointed conducted hearings. After considering all the evidence adduced the commissioner found that the Committee on Professional Ethics and Grievances of the Louisiana State Bar Association had proven its charges, that the respondent Milton H. Cohen had been guilty of misconduct and unethical practice as charged, and that such misconduct warranted the revocation of his license to practice law in this state. The commissioner so reported to this court.
After reading all the testimony taken before the commissioner, we are in full accord with his finding of fact that the committee had proven the respondent guilty as charged. Indeed, as the commissioner states, Cohen himself in testimony before the commissioner admitted all substantial facts charged in the specifications.
We likewise agree with the report of the commissioner that the respondent was guilty of misconduct and unethical practice warranting the revocation of his license to practice law in Louisiana. In his excellent report to this court made pursuant to the or *596 der appointing him commissioner, Mr. Gens-ler said:
“The practice of law is a privilege and demands strict adherence by the licensed members of the Bar, to the prescribed rules of conduct, in order to achieve and retain, confidence and respect of clients, the public at large, as well as all lay persons to the legal profession.”
In its petition filed in this court the Louisiana State Bar Association through its Committee on Professional Ethics and Grievances charged in one of its specifications that the respondent in a letter addressed to the committee made a statement which was false and untrue in regard to one of the matters being investigated. This specification, like all the others, was proven beyond any question. We feel, however, that it was proper to consider it only in evaluating and considering the charges set out in the other specifications. Standing alone, it certainly is not an adequate specification for disbarment and would not justify even the filing of a petition for disbarment.
After the commissioner had filed his report with this court finding the respondent guilty of misconduct and unethical practice warranting the revocation of his license to practice law in this state, Cohen addressed a letter to this court requesting permission to resign from membership in the bar of this state. Cohen’s request was considered by the court, and he was informed through his attorney that the court “was not inclined to grant this request”.[1]
In brief filed in this court after the case was argued and submitted, Cohen does not take issue with the report of the commissioner finding him guilty. Instead he points to certain alleged facts and circumstances, most if not all of which occurred after the date of the offense charged, and because of these he suggests that this court be lenient or merciful and that he be permitted to resign from the practice of law.
Due to the nature and gravity of the proven charges this court cannot accept Cohen’s suggestions and is still of the view that Cohen should not be permitted to resign as a member of the bar of this state.
The court is fully aware of the untiring efforts given by its Committee on Professional Ethics and Grievances in investigation of the many complaints which are filed with it. The committee is composed of prominent members of our state bar who devote a considerable portion of their time to the duties required of them as members of this committee—all without remuneration for their only reward is the satisfaction they derive from a job well done and from the knowledge that they are helping to maintain the integrity and high standards of the legal profession. This court is appreciative of the services rendered to it and to the bar of this state by the committee. This court knows that the committee is zealous in protecting the good name and reputation of an innocent attorney against false charges and complaints brought through malice, animosity, or ignorance or for political reasons, and this is as it should be. Likewise the committee is to be commended for provoking disciplinary action when it is fully satisfied that the complaint against the attorney is well founded. In other words, the committee’s duty is to protect the innocent as well as to bring to the attention of the court the misconduct of the guilty when this misconduct would warrant suspension or disbarment by the court.
It is therefore ordered, adjudged, and decreed that the name of Milton H. Cohen, respondent in these proceedings, be stricken from the roll of attorneys and his license to practice law in Louisiana be hereby can-celled.

. See copy of letter dated October 27, 1961.