198 So.2d 391

## LOUISIANA STATE BAR ASSOCIATION

v.

### George J. HAYLON.

No. 48167.

May 1, 1967.

Walter G. Arnette, Chairman, Jennings, A. K. Goff, Jr., Vice-Chairman, Ruston, Pat W. Browne, Sr., New Orleans, A. Leon Hebert, Baton Rouge, James H. Drury, Thomas O. Collins, Jr., Secretary, New Orleans, for petitioner, Louisiana State Bar Ass'n Committee on Professional Ethics and Grievances.

Robert R. Rainold, New Orleans, for respondent.

McCALEB, Justice.

The State Bar Association, appearing through the Committee on Professional Ethics and Grievances, brought this proceeding under our original jurisdiction against George J. Haylon, an attorney formerly practicing in the City of New Orleans, seeking his disbarment for professional misconduct. Respondent was given proper notice of the charge against him, consisting of one specification that he had misappropriated the funds of a client. He was personally served and appeared at the two hearings held by the Committee, after which the Committee unanimously concluded that respondent had been guilty of the act of misconduct set forth in the specification. A formal disbarment charge was then preferred and a Commissioner was appointed by this Court to conduct a hear-ing. A curator ad hoc was also appointed to represent respondent who had since left the State. The curator ad hoc entered a general denial of the charge and, after a trial, respondent was found guilty of misconduct. The Commissioner recommended that respondent be suspended immediately from practicing law in this State, said suspension to continue for a period of four full years following the date on which respondent makes complete restitution to his client, one Harry Klepko, of the misappropriated funds.

■ The record fully sustains the findings of the Commissioner in his report. Moreover, since respondent did not except to the Commissioner's report within twenty days from the time of its filing, as required by Article XIII, Section 9 of the Articles of Incorporation of the Louisiana State Bar Association (adopted as rules of this Court on March 12, 1941) the Commissioner's findings of fact stand confirmed and have become final. Louisiana State Bar Association v. Woods, 243 La. 94, 141 So.2d 828; Louisiana State Bar Association v. Wheeler, 243 La. 618, 145 So.2d 774; Louisiana State Bar Association v. Yoder, 243 La. 909, 148 So.2d 597.

The Commissioner stated in his report that respondent, while practicing law in

---

pealable to the Supreme Court: * * *
(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine ex-ceeding three hundred dollars or imprisonment exceeding six months has been actually imposed." As amended Acts 1958, No. 561.

the City of New Orleans, was employed in 1962 as attorney by Harry Klepko in a divorce action for the partition and sale of community property owned by Klepko and his now divorced wife. The property was sold and there was due and owing to Klepko from the proceeds thereof the sum of $2742.00 after payment of all expenses and fees. Respondent collected this sum and subsequently used the money to pay his personal obligations. Klepko, who had meanwhile moved to Pennsylvania, made numerous inquiries personally, and through an attorney employed by him at his Pennsylvania domicile, concerning the funds and demanded, without success, remission of the money by respondent. Finally, on June 12, 1964, respondent sent four checks (two for $500 each, one for $1,000 and one for $742) payable to Klepko, all of which were returned when presented for payment marked "not sufficient funds". After numerous other demands, respondent remitted by two checks the sum of $1,000 leaving due and owing $1742.00, which has never been paid.

When he appeared at the hearings of the Committee on Professional Ethics and Grievances, respondent readily admitted that he had received the money from the sale. He declared he had placed it in a separate bank account then withdrew it and gave it to his wife to hold, but she used the money to pay a hospital bill incurred by her. He explained that, thereafter, he set aside certain monies hoping to accumulate sufficient funds to remit the balance due on his obligation but, before he could do so, a large portion of these savings was seized by the Federal Government.

These excuses, while no doubt true, provide at most tenuous support for mitigation of respondent's unethical conduct.

The curator ad hoc, however, declares in oral argument and brief that respondent at no time committed a dishonest act and, since he has admitted receipt of the funds in writing and has returned $1,000 thereof, disbarment would be too harsh. It is suggested by him that the maximum punishment should be suspension of respondent's license to practice for a period not to exceed one year.

We cannot subscribe to the view of the curator. Nor are we inclined to approve the recommendation of the Commissioner that respondent be suspended from the practice of law for a much longer period of time.

██ The misappropriation by an attorney of funds collected for his client is such a serious breach of trust that it would be contrary to the public interest to allow the offender to continue in the practice of law. High standards of honesty and righteousness have been erected for those engaged in the legal profession and all members of it are required to take an oath to uphold

these ideals of exemplary conduct upon their admission to the Bar. Hence, the violator of the trust of his clients must expect disbarment. Suspension does not vouchsafe the protection to which the public is entitled.

In the following cases under facts and circumstances similar to the present instance, orders of disbarment were considered to be the only appropriate action. Louisiana State Bar Association v. Woods, supra; Louisiana State Bar Association v. Wheeler, supra; Louisiana State Bar Association v. Yoder, supra; Louisiana State Bar Association v. Ricard, 237 La. 530, 111 So.2d 761; Louisiana State Bar Association v. Pitcher, 238 La. 649, 116 So.2d 281; Louisiana State Bar Association v. Cohen, 242 La. 838, 138 So.2d 594; Louisiana State Bar Association v. Mayeux, 249 La. 7, 184 So.2d 537 and Louisiana State Bar Association v. Powell, 250 La. 313, 195 So.2d 280. Compare Louisiana State Bar Association v. Haack, 243 La. 1108, 150 So. 2d 32, where the Court found certain unusual, extraordinary and mitigating circumstances and permitted the attorney to resign as a member of the Bar.

For the reasons assigned it is ordered that the name of George J. Haylon be, and it is hereby, stricken from the roll of attorneys and his license to practice law in Louisiana is herewith cancelled. The respondent is cast for all costs of this proceeding.