447 So.2d 466 (1984)
LOUISIANA STATE BAR ASSOCIATION
v.
Harold J. ZERINGER, Jr.
No. 83-B-0452.
Supreme Court of Louisiana.
February 27, 1984.
Rehearing Denied April 13, 1984.
*467 Thomas O. Collins, Jr., New Orleans, Richard A. Deas, New Orleans, Alfred S. Landry, New Iberia, Roland J. Achee, Shreveport, Robert J. Boudreaux, Baton Rouge, Wood Brown, III, New Orleans, Sam J. D'Amico, New Iberia, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Philippi P. St. Pee, Metairie, Gerard F. Thomas, Natchitoches, for relator.
Sanford Krasnoff, New Orleans, for respondent.

Disciplinary Proceeding
BLANCHE, Justice.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, instituted this disciplinary proceeding against Harold J. Zeringer, Jr., a member of the Louisiana State Bar Association, practicing in New Orleans. By certified letters of September 15, 1982 and November 3, 1982, respondent was informed of seven specifications for which disciplinary action was sought.
The first three specifications alleged violations of Disciplinary Rules 6-101(A)(3), 1-102 and 9-102 in that respondent failed, despite repeated requests, to complete succession proceedings he was handling for Mrs. Concetta Rock, the representative of the Rose Saitta succession, and that he commingled over $45,000 of succession funds and converted them to his own use.
The fourth and fifth specifications alleged violations of Disciplinary Rules 1-102 and 9-102 in that respondent failed for over two years to return to the heirs of Dr. John Andrews nearly $15,000 received by respondent as a settlement in real estate litigation he was handling for them, and that he commingled and converted these funds to his own use.
The sixth and seventh specifications alleged further violations of these two disciplinary rules in connection with the succession of Lucien A. Fortier. These specifications alleged that respondent failed, despite repeated requests, to deliver over $109,000 to the Fortier heirs and that these sums were also commingled and converted to respondent's own use.
After proper and timely notices, an investigatory hearing was held on December 7, 1982, at which respondent appeared and represented himself. Following this hearing, the Committee on Professional Responsibility filed a petition for Disciplinary Action against respondent and requested that a Commissioner be appointed. This Court appointed Francis Emmett as Commissioner and a hearing was held on August 23-24, 1983, following which the Commissioner *468 submitted his findings of fact and conclusions of law. The LSBA concurred in these findings. Respondent failed to object to the Commissioner's findings of fact within the twenty (20) days allowed and is, therefore, bound by them. Art. XV, § 6(d), Articles of Incorporation of Louisiana State Bar Association.
The uncontroverted evidence established that Zeringer was retained to open and complete the Saitta succession. The succession was opened, but the heirs still had not been placed into possession some sixteen months later, although all necessary documents had been completed and repeated demands had been made. At the end of this time, Mrs. Concetta Rock, succession representative, was forced to retain counsel in Mississippi who, in turn, associated local counsel in New Orleans to complete the succession. Although Zeringer finally returned over $45,000 to Mrs. Rock, as heir, the record reflects that he did so only after being threatened with arrest by the Orleans Parish District Attorney's office.
The evidence also established that respondent represented several heirs of John Andrews in litigation involving real estate. The matter was settled and settlement funds given to respondent in his capacity as attorney. Although those sums were partially distributed to his clients, nearly $15,000 are still due them, despite repeated demands over almost a three-year period that respondent conclude the matter and disburse the remaining funds. By respondent's own admission, it would have taken minimal time and effort to complete this matter.
The third matter concerned usufruct funds belonging to Dr. Lucien Fortier, a client of respondent's for many years, as well as other funds belonging to the Fortier succession once Dr. Fortier died. Respondent has failed to comply with requests of the Fortier heirs that they be put in possession of their inheritances, totaling nearly $110,000.
A review of the entire record leads us to the inescapable conclusion that respondent has violated DR 6-101(A)(3) in that he has neglected for months and even years to conclude legal matters entrusted to him. As a result of this neglect or refusal, he has caused his clients to retain other counsel to assist them in these matters.
A review of all of the evidence also leads to the conclusion that respondent has violated DR 9-102 relating to the commingling and conversion of clients' funds. Although respondent testified that he was authorized to invest the Saitta and Fortier funds in unspecified "investment programs" that he maintained, the record is completely devoid of documentation of any nature indicating that he had any authority whatsoever to retain or "invest" these funds. The only excuse given for the retention of the Andrews' funds was that these disciplinary proceedings so distressed respondent that he could not attend to the matter, an excuse which carries little weight considering that his delay has lasted for almost three years.
Furthermore, the evidence shows that all funds were deposited in the "Zeringer and Zeringer Special Account" maintained at the Hibernia National Bank. This was not a trust account used solely for clients' funds. Rather, the bank record indicates that along with these and other clients' funds, funds of several corporations (programs) were deposited in this account, unidentified payroll monies were paid from it, and fees to respondent, as well as dividends to relatives and other clients were paid therefrom. No records whatsoever were maintained concerning clients' funds that were handled through this account. The failure to divorce client funds from those of respondent and his other business ventures and the failure to promptly pay or deliver funds belonging to his clients are all violations of DR 9-102.
It also appears that respondent put his clients' funds to his own use in violation of DR 1-102. It is inconceivable that an attorney could make an investment on behalf of a client and have no record thereof, no correspondence in connection therewith and no written evidence from the company with *469 whom the investment was made. Although heirs in both the Saitta and Fortier successions were given promissory notes from the companies in which their funds were supposedly invested, these notes were forthcoming only upon complaints from the clients and were virtually worthless since unsecured; moreover, in at least one instance there were no corporate assets when the note was given. A review of the records of the account where both client and corporate funds were kept necessarily shows that respondent converted client funds to his own use because the balance of that account was frequently too low to have met even the smallest of the obligations which respondent owed these clients. This conclusion is further bostered by the fact that respondent personally endorsed the notes referred to above and consented to judgments being taken against him when he could not pay the notes as they became due.
As this court has stated in the past, the purpose of lawyer disciplinary proceedings is not so much to punish the attorney as it is to maintain appropriate standards of professional conduct in order to protect the public and the administration of justice. See, e.g., Louisiana State Bar Association v. Causey, 393 So.2d 88 (La. 1980), and cases cited therein. The misuse of client funds, as the facts of this case so clearly reveal, represents the gravest form of professional misconduct and strikes at the heart of the public's confidence in the legal profession, which this court is duty bound to protect. Louisiana State Bar Association v. Selenberg, 270 So.2d 848 (La.1972), cert. den. 414 U.S. 1021, 94 S.Ct. 443, 38 L.Ed.2d 312 (1973); Louisiana State Bar Association v. Philips, 363 So.2d 667 (La.1978); Louisiana State Bar Association v. Weysham, 307 So.2d 336 (La.1975); Louisiana State Bar Association v. Haylon, 250 La. 651, 198 So.2d 391 (La.1967). We therefore conclude that the protection of the public and the administration of justice require that the respondent be removed from the practice of law.

DECREE
Accordingly, for the reasons assigned, it is ordered, adjudged and decreed that the name of Harold J. Zeringer, Jr., be striken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked.
DISBARMENT ORDERED